UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-60245-RLR

UNITED STATES OF AMERICA,

vs.

EARTHA WORTHY,

    Defendant.
_____/

FILED BY KJZ D.C.

Apr 28, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I.    Background

The Defendant, Eartha Worthy, appeared before the Court on April 28, 2021, for a final hearing on the Petition for Action on Conditions of Supervised Release ("Petitions") [DE 33]. Defendant was originally convicted in the Southern District of Florida of Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(1), a Class D Felony, and Aggravated Identity Theft, in violation of 18 U.S.C. §1028A(a)(1), a Class E felony. *Id*. On June 11, 2015, United States District Judge Robin L. Rosenberg sentenced Defendant to Custody of the Bureau of Prisons for thirty-four months, followed by three years of Supervised of Release. *Id*. Defendant's term of supervised release commenced on August 14, 2017. *Id*.

Defendant is now charged with the following two violations of her supervised release in the Petition [DE 63]:

1. **Violation of Special Condition:** by applying for, soliciting or incurring further debt without first obtaining permission of the Probation Officer. On or about November 14, 2019, Defendant made an application for credit through Santander Consumer USA for

   the leasing of a 2015 Mercedes Benz.

2. **Violation of Mandatory Conditions:** by failing to refrain from violation of the law. On or about January 5, 2020, Defendant did commit the offense of False Statements on a Monthly Supervision Report.

## II. Summary of Hearing

At the April 28, 2021 hearing, Defendant appeared by Zoom Video-Teleconference ("VTC") due to the COVID-19 pandemic. Defendant stated that she consented to waive her physical presence in the Courtroom and agreed to appear for the hearing by Zoom VTC. All of Defendant's decisions were made with the advice of competent counsel. The Court found that the hearing could not be delayed without seriously harming the interests of justice, and that Defendant's waiver was knowing and voluntary. Therefore, the Court proceeded with the hearing via Zoom VTC.

At the hearing, upon questioning by the Court, Defendant stated that she was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against her, her right to contest the allegations, her right to appear at the hearing and present evidence, and her right to question adverse witnesses. After being advised of those rights, Defendant stated that she desired to admit to the violations lodged against her.

After being advised of her rights and the maximum penalties she is facing, Defendant waived her right to a contested revocation hearing and admitted to allegations #1 and 2 as alleged in the Petition. The Court finds that Defendant made her waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to the allegations and its review of the record, the Court finds by a

preponderance of the evidence that Defendant committed allegations #1 and 2 as alleged in the Petition [DE 63].

### III.    Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable United States District Judge Robin L. Rosenberg find that Defendant has violated the terms and conditions of supervised release as alleged in allegations #1 and 2 in the Petition. It is also recommended that this matter be set down for sentencing on violations #1 and 2 before United States District Judge Robin L. Rosenberg.

### NOTICE OF RIGHT TO OBJECT

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of April 2021.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE